**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CBR Systems Incorporated, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>Mary Tompkins, an individual,<br><br>Defendant. | No.CV11-2339 PHX DGC<br><br>**ORDER** |

On January 27, 2012, the Court held a hearing on Defendant's motion to dismiss (Doc. 7), Plaintiff's application for a TRO (Doc. 11), and Plaintiff's motion for expedited discovery (Doc. 12). For reasons stated in detail on the record, the Court denied Defendant's motion to dismiss. The Court took under advisement Plaintiff's request for a TRO and expedited discovery. For reasons that follow, the Court will deny the TRO application, but permit discovery in the case to begin immediately.

During oral argument, Plaintiff's counsel asked the Court to enjoin three specific actions: (1) Defendant's alleged practice of encouraging Plaintiff's medical referrers to discard Plaintiff's marketing materials; (2) Defendant's alleged practice of giving gift cards to potential medical referrers; and (3) Defendant's visiting of any medical referrer she serviced while employed at Plaintiff. Plaintiff's counsel asked the Court to enjoin these activities under Plaintiff's claims for unfair competition, tortuous interference with business expectancies, and breach of contract.

Plaintiff has provided no basis for the Court to conclude that Defendant is

engaging in unfair competition, committing tortuous conduct, or breaching contracts by encouraging potential medical referrers to use CORD:USE marketing material rather than Plaintiff's marketing material, or in offering gift cards to potential medical referrers. Plaintiff's counsel failed to identify why the suggestion that a medical referrer change marketing materials is improper or illegal. Plaintiff's counsel argued that Defendant is obtaining restricted patient information in violation of federal law through the offering of gift cards, but Plaintiff has provided no evidence to support that allegation with respect to Defendant's current activities.

The Court also concludes that Plaintiff has not provided a sufficient basis for the Court to enjoin Defendant from calling on medical referrers she serviced while employed by Plaintiff. As noted during the hearing, the Court concludes that California law will govern Defendant's employment contracts with Plaintiff. Defendant asserts, and Plaintiff does not disagree, that California law invalidates covenants prohibiting a former employee from calling on former customers. The basis for Plaintiff's request for injunctive relief, therefore, is not the mere fact that Defendant is calling on entities she serviced while employed by Plaintiff, but the claim that Defendant is using Plaintiff's confidential and protected information in doing so. The Court concludes, however, that Plaintiff has not presented evidence to support this argument. The affidavits attached to Plaintiff's TRO application simply allege that Defendant has been contacting medical referrers she serviced while at Plaintiff. Doc. 11-1 at 12, 16. The declarations provide no basis for concluding that Defendant has used confidential or proprietary information in doing so. Ms. Sherman's declaration provides a detailed description of the Siebel database maintained by Plaintiff, but provides no information to suggest that Defendant has improperly accessed the database. Ms. Sherman does assert her "belief" that Defendant is using confidential information, but provides no factual basis on which the Court can rely. Although it is true that Defendant acquired information about Plaintiff's most effective medical referrers while employed at Plaintiff, the Court cannot conclude from the mere fact that she has called on these medical referrers that Defendant is

improperly using Plaintiff's confidential information.

For these reasons, Plaintiff has not shown that it is likely to succeed on the merits of its argument that Defendant is engaging in unfair competition, tortuously interfering with business expectancies, or breaching contracts by encouraging Plaintiff's medical referrers to use CORD:USE marketing materials rather than Plaintiff's marketing materials, by using gift cards in her solicitation of business, or by calling on Plaintiff's medical referrers. Because Plaintiff has not shown a likelihood of success on the merits of these claims, the Court concludes that it is not entitled to temporary injunctive relief. *See Winter v. Natural Res. Def. Council*, 555 U.S. 7, 129 S. Ct. 365, 374 (2008) (to obtain preliminary injunctive relief, a plaintiff must show that it is likely to succeed on the merits).

The Court recognizes that Plaintiff has a legitimate interest in its existing base of medical referrers. As a result, the Court waives the requirement of Rule 26(d)(1). The parties need not wait until after they have conferred under Rule 26(f) before commencing discovery.

**IT IS ORDERED:**

1. Defendant's motion to dismiss (Doc. 7) is **denied**.
2. Plaintiff's application for a temporary restraining order (Doc. 11) is **denied**.
3. Plaintiff's motion to expedite discovery (Doc. 12) is **granted in part** as described above.
4. The Court will set a case management conference by separate order.

Dated this 30th day of January, 2012.

_____
David G. Campbell
United States District Judge